**JUDGE CROTTY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRIORITY RECORDS LLC, a California limited
liability company; ARISTA RECORDS LLC, a
Delaware limited liability company; ATLANTIC
RECORDING CORPORATION, a Delaware
corporation; BMG MUSIC, a New York general
partnership; CAPITOL RECORDS, INC., a
Delaware corporation; CAROLINE RECORDS,
INC., a New York corporation; ELEKTRA
ENTERTAINMENT GROUP INC., a Delaware
corporation; FONOVISA, INC., a California
corporation; INTERSCOPE RECORDS, a
California general partnership; LAFACE
RECORDS LLC, a Delaware limited liability
company; LAVA RECORDS LLC, a Delaware
limited liability company; LOUD RECORDS
LLC, a Delaware corporation; MOTOWN
RECORD COMPANY, L.P., a California limited
partnership; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership; UMG RECORDINGS, INC., a
Delaware corporation; VIRGIN RECORDS
AMERICA, INC., a California corporation;
WARNER BROS. RECORDS INC., a Delaware
corporation; and ZOMBA RECORDING LLC, a
Delaware limited liability company,

        Plaintiffs,

    -against-

DOES 1 - 40,

        Defendants.

Civil Action No.:

**07 CIV 8418**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/07

---

### [PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate

Discovery, the Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is

hereby:

ORDERED that Plaintiffs may serve immediate discovery on Time Warner Cable

to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks

documents that identify each Doe Defendant, including the name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for each Defendant. The disclosure of this information is consistent with Time Warner Cable's obligations under 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

IT IS FURTHER ORDERED THAT the subpoena shall afford reasonable notice to customers so that they may object or move to quash prior to the return date of the subpoena. Accordingly, the subpoena shall be returnable within 30 days of the date of service.

DATED: September 28, 2007           By: _____
                                        United States District Judge