# ROBINSON & COLE LLP

VICTOR B. KAO

885 Third Avenue
Suite 2800
New York, NY 10022
Main (212) 451-2900
Fax (212) 451-2999
vkao@rc.com
Direct (212) 451-2912

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/14/08
```

January 11, 2008

**By Email to Chambers**

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 735
New York, New York 10007

> January 14, 2008
>
> Counsel is directed to contact Foster Woodcock and advise him that a conference on his Objection will be held on Wednesday, 1/23/2008 at 5pm. If, after notice, Mr. Woodcock fails to appear, an informal order will be entered. If he does appear, the Court will consider his Objection before ruling.
>
> So ordered.
>
> Paul A. Crotty

Re:  Priority Records LLC, et al. v. Does 1-40, Case No. 1:07-cv-8418
     Response To Objection To Subpoena By Foster Woodcock

Dear Judge Crotty:

We represent Plaintiffs in the above-referenced case. We are writing to respectfully request that the Court enter a minute order denying Foster Woodcock's ("Defendant") letter objection to the subpoena that Plaintiffs served on Time Warner Cable ("TWC") in this matter.[1]

Defendant objects to the subpoena (and presumably is seeking to have it quashed) on the ground that "[t]here is no basis for this information to be released" and because he alleges that he "do[es] not use the computer and," he "do[es] not know what this is all about." This argument does not present a proper basis on which to quash a subpoena under Fed. R. Civ. P. 45(c)(3) and, if it were true, would serve solely to immunize Defendant for violating Plaintiffs' copyrights. This argument is irrelevant at this stage of the litigation – Defendant will have an opportunity to present any defenses or evidence he has in order to attempt to rebut Plaintiffs' claims once Plaintiffs have identified him and served him.

---

[1] Plaintiffs note that Defendant sent a letter to the Court objecting to the subpoena on December 3, 2007 and copied TWC and Plaintiffs' counsel on that letter. However, no motion to quash or objection to the subpoena was docketed in this case. On December 20, 2007, Plaintiffs received a response to the subpoena from TWC which identified Mr. Woodcock as Doe #4 and included his identifying information. Plaintiffs will not utilize Mr. Woodcock's identifying information or proceed with their claims against him until the status of Mr. Woodcock's objection to the subpoena is clarified by the Court.

**MEMO ENDORSED**



Law Offices

BOSTON
HARTFORD
NEW LONDON
STAMFORD
WHITE PLAINS
NEW YORK CITY
SARASOTA

www.rc.com

## ROBINSON & COLE LLP

Page 2

### BACKGROUND

As Plaintiffs explained in their *Ex Parte Application* For Leave To Take Immediate Discovery and accompanying documents (Docket Docs. 3 and 4), Plaintiffs are major recording companies who own copyrights in sound recordings. Collectively, they face a massive problem of digital piracy over the Internet. Every month, copyright infringers unlawfully distribute billions of perfect digital copies of Plaintiffs' copyrighted sound recordings over peer-to-peer ("P2P") networks. *See* Lev Grossman, *It's All Free*, Time, May 5, 2003. A P2P network is an online media distribution system that allows users to transform their computers into interactive Internet sites, distributing files for other users to copy. As a direct result of piracy on P2P networks, Plaintiffs have and continue to sustain substantial financial losses.

P2P users who distribute (upload) and copy (download) copyrighted material violate the copyright laws. *See, e.g., Metro-Goldwyn-Mayer Studios, Inc., et al. v. Grokster Ltd., et al.*, 125 S.Ct. 2764, 2770-72 (2005) (noting that users of P2P networks share copyrighted music and video files on an enormous scale, and, as such, even the providers of those networks "concede infringement" by the individual users); *In re Aimster Copyright Litigation*, 334 F.3d 643. Copyright infringement over P2P networks is widespread, however, because users can conceal their identities by means of an alias, copyright owners can observe infringement occurring on P2P networks, but cannot (without assistance) identify the true names and locations of the infringers.

Defendant is an active participant on a P2P network, distributing copyrighted sound recordings stored on his computer to others and downloading copyrighted sound recordings from other users of the P2P network. Plaintiffs discovered Defendant openly distributing sound recordings whose copyrights are by and large owned by Plaintiffs. By logging onto the P2P network, Plaintiffs viewed the files that Defendant was distributing to other users. Defendant is a significant infringer. He has chosen to distribute 2,715 sound recordings whose copyrights are by and large owned by various of the Plaintiffs. In conjunction with the complaint filed in this case, Plaintiffs listed a sample of the songs that Defendant was distributing without authorization (*see* Exhibit A to the Complaint).

As Plaintiffs previously explained in the Linares Declaration filed with the original *Ex Parte* Motion for Leave to Take Immediate Discovery ("Discovery Motion"), upon finding Defendant distributing large numbers of copyrighted works, Plaintiffs gathered substantial evidence of Defendant's illegal conduct. Plaintiffs could not ascertain Defendant's name, address, or any other contact information, but could



# ROBINSON & COLE LLP

Page 3

identify the Internet Protocol ("IP") address from which Defendant was unlawfully distributing Plaintiffs' copyrighted works. *See* Linares Decl. ¶ 18. Using the IP address, Plaintiffs determined that Defendant was using TWC's internet service to distribute copyrighted works unlawfully. *Id.* TWC maintains logs that match IP addresses with their users' computers. *Id.* ¶ 12. By looking at its IP address logs, TWC was able to match the IP address, date, and time with the computer that was using the IP address when Plaintiffs observed the infringement. Thus, TWC is the only entity that could have identified Defendant in this case.

### DEFENDANT HAS FAILED TO ARTICULATE A VALID BASIS FOR QUASHING THE SUBPOENA

Rule 45(c)(3) specifies four grounds on which a subpoena may be quashed. Specifically, a subpoena may be quashed if it: (1) fails to allow reasonable time for compliance; (2) requires a person who is not a party to travel to a place more than 100 miles from the place where that person resides; (3) requires disclosure of privileged or other protected matter; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3). Defendant fails to identify any basis under Rule 45(c)(3) on which he is moving to quash the subpoena. Defendant's statements that he "do[es] not use the computer" and "do[es] not know what this is all about" are simply not valid bases on which to quash a subpoena. There will be a time for Defendant to deny Plaintiffs' allegations and to contest Plaintiffs' theory of their case, but that time is not now. Accordingly, Defendant's "objection" to the subpoena should be denied and Plaintiffs should be allowed to utilize the information they have received from TWC to proceed with their claim against Mr. Woodcock.

Accordingly, Plaintiffs respectfully request that the Court enter a minute order denying Defendant's objection to the subpoena and allowing Plaintiffs to proceed with their claim against Defendant.

Respectfully submitted,

*Victor B. Kao*
Victor Kao

cc: Foster Woodcock

